## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 09-3368 (SRC) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| STEVE JOHNSON, et al., | : | |
| | : | |
| Defendants. | : | |

It appearing that:

1. On July 7, 2009, Plaintiff, a civilly-committed sexually violent predator, submitted to the Clerk for filing a civil rights Complaint and affidavit in support of request to proceed in forma pauperis. Plaintiff asserts that he is civilly committed as a sexually violent predator. He sues the Commissioner of the New Jersey Department of Corrections, Administrators Steve Johnson and Paul Lagana, Dr. Merrill Main, Cindy Sweeney, Officers Smith, Rodriguez, Meterko, Rock, Vasquez, and SID Chiefs Muller and Everet. He alleges his room was searched on several occasions since June 24, 2009, because a screwdriver and a kitchen utensil were missing, and certain legal papers were thereafter missing. Plaintiff seeks declaratory relief, injunctive relief and damages.

2. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil complaint is $350.00. See 28 U.S.C. § 1914(a). When a civilly-committed person seeks permission to file a civil complaint in forma pauperis, he is required to submit "an affidavit that

includes a statement of all assets such [person] possesses[,] that the person is unable to pay such fees or give security therefor[; s]uch affidavit shall state the nature of the action . . . and the affiant's belief that the person is entitled to redress." See 28 U.S.C. § 1915(a)(1).

3. Plaintiff's application to proceed in forma pauperis consists of a form to be used by a prisoner seeking proceed in forma pauperis and one typewritten page, entitled "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT". (Docket entry 1-5.) In paragraph two of the form, Plaintiff indicates that he has received money during the past 12 months for his birthday and Christmas, but he fails to "describe each source of money and state the amount received and what [he] expect[s to] continue to receive," as requested on the form. Plaintiff asserts in his attached statement as follows:

> The main reason I ask this Court to proceed under indigent status is because at age 36 I was sent to prison for the first time in my life for a crime I did not commit and thus have been placed in a situation where I cannot support myself. Which has now been compounded by the fact that the defendants are denying me a job because I will not confess to this crime orally and in writing contrary to my CLEARLY ESTABLISHED CONSTITUTIONAL RIGHT TO REMAIN SILENT. Which has been reaffirmed in the last two months with remands in both my criminal conviction and now this civil commitment.

(Docket entry #1-5.)

4. Plaintiff's application to proceed in forma pauperis is deficient and fails to satisfy § 1915(a) in that it fails to state the amount of money Plaintiff has received as gifts during the past 12 months, fails to describe each source of money Plaintiff received in the past 12 months, fails to state the dates Plaintiff received such money, and fails to indicate what Plaintiff expects to continue to receive, as required by 28 U.S.C. § 1915(a)(1).

2

5. This Court will accordingly deny Plaintiff's application to proceed <u>in forma pauperis</u> without prejudice to reapplying or to prepayment of the $350.00 filing fee.

6. An appropriate Order accompanies this Memorandum Opinion.

**STANLEY R. CHESLER, U.S.D.J.**

Dated: _____, 2009