<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | |
| | : | Civil Action No. 09-3368 (SRC) |
| Plaintiff, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| STEVE JOHNSON, et al., | : | |
| | : | |
| Defendants. | : | |

<u>**CHESLER**</u>, District Judge

  This matter comes before the Court on the motion for recusal filed by Petitioner Joseph Aruanno ("Petitioner" or "Aruanno"). (Docket Entry No. 19)  For the reasons stated below, the motion for recusal will be denied.

  Petitioner could move for recusal under either 28 U.S.C. § 455 or 28 U.S.C. § 144. Under Section 455(a), "[a]ny... judge... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Alternatively, section 144 states that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein[.]" Though the Petitioner does not explicitly move under either § 455(a) or § 144, the

Court will analyze this motion under both sections.[1]

When evaluating a motion made pursuant to § 144, "[t]he test is whether, assuming the truth of the facts alleged, a reasonable person would conclude that a personal as distinguished from a judicial bias exists." *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). Thus, this Court is to determine the legal sufficiency of the allegations and nothing more. *Id.* Though Petitioner has failed to submit a certified or notarized affidavit, the sufficiency of his submission is substantively lacking. Aruanno simply suggests, that *if* this Court is biased, it should recuse itself. Courts have long held that a conclusory affidavit is insufficient for recusal. *Prall*, 2010 WL at *3. Thus, a speculative affidavit, similarly lacking in factual support is likewise insufficient.

Accordingly, the Court will not recuse itself under § 455 because it is not convinced that its impartiality has been reasonably questioned. *U.S. v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983). Due to the paucity of factual allegations the Court is satisfied that a reasonable person would not be convinced of the Court's alleged bias after reading Aruanno's papers. Because Petitioner's allegations are insufficient under either § 455 or § 144, Petitioner's motion to recuse is denied.

Petitioner's motion addresses alleged delays in both of his cases.[2] The Court notes that neither case has proceeded because the respective complaints have not been properly served.

---

[1]This Court is entitled to rule on motions made pursuant to § 455. It is also entitled to rule on motions made pursuant to § 144 where the affidavit does not meet the "sufficiency test." *Prall v. Burlington City Mun. Court*, Civ. No. 09-2615, 2010 WL 2719760, at *3 n.1 (D.N.J. June 29, 2010).

[2]In his motion Petitioner also references *Aruanno v. Sgt. Allen*, Civ. No. 09-1250.

For these reasons,

**IT IS** on this 29th day of October, 2010,

**ORDERED** that Petitioner's motion for recusal (Docket Entry No. 19) is **DENIED.**

  /s Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge.
